JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SHAMIRE PRITCHARD

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John E. Toczydlowski, Esw., Aversa & Linn, P.C., 1700 Market Street, Suite 3050, Philadelphia, PA 19103 (215) 751-1717

## DEFENDANTS

USAA Casualty Insurance Company

County of Residence of First Listed Defendant  Bexar County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
James H. Cole, Esq./Cristin A. Cavanaugh, Esq., Marshall Dennehey Warner Coleman & Goggin, 2000 Market Street, Suite 2300, Philadelphia, PA 19103 (215) 575-2597

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability   Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product   Injury Product | |  | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability   Liability | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability ☐ 371 Truth in Lending | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury   Property Damage | Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  | ☐ 362 Personal Injury - ☐ 385 Property Damage | ☐ 740 Railway Labor Act |  | ☐ 893 Environmental Matters |
|  | Medical Malpractice   Product Liability | ☐ 751 Family and Medical |  | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | Income Security Act | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | |  | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** |  | State Statutes |
|  | Employment   **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  | Other ☐ 550 Civil Rights | Actions |  |  |
|  | ☐ 448 Education ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - |  |  |  |
|  | Conditions of |  |  |  |
|  | Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332; 28 U.S.C. 1441 and 1446
Brief description of cause:
Claims for breach of insurance contract, claim for PIP benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE  9/13/18

SIGNATURE OF ATTORNEY OF RECORD
*Cristin A. Cavanaugh*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: John E. Toczydlowski, Esq., Aversa & Linn, P.C., 1700 Market Street, Suite 3050, Philadelphia, PA 19103 (Plaintiff's Counsel)

Address of Defendant: James H. Cole, Esq./Cristin A. Cavanaugh, Esq., Marshall Dennehey Warner Coleman & Goggin, 2000 Market Street, Suite 2300, Philadelphia, PA 19103(Defendant USAA's counsel)

Place of Accident, Incident or Transaction: Intersection of East Lehigh Avenue and A Street, Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/13/18     *Cristin A. Cavanaugh*     307546

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SHAMIRE PRITCHARD | : | CIVIL ACTION |
| v. | : | |
| USAA CASUALTY INSURANCE COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| | | |
|---|---|---|
| *Cristin A. Cavanaugh* | Cristin A. Cavanaugh, Esq. | Defendant |
| 9/13/18 | | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2597 | 215-575-0856 | cacavanaugh@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAMIRE PRITCHARD | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | NO. |
| v. | : | |
| | : | |
| USAA CASUALTY INSURANCE | : | |
| COMPANY | : | |
| Defendant | : | |

**TO:  CLERK OF COURT OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, USAA Casualty Insurance Company ("USAA CIC"), by its attorneys,

Marshall, Dennehey, Warner, Coleman & Goggin, hereby files Notice of Removal of this case

from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now

pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to

28 U.S.C. §§ 1332, 1441, 1446, and in support thereof, states the following:

1.  On August 7, 2018, Plaintiff Shamire Pritchard commenced a civil action against USAA

    CIC by filing a Complaint in the Court of Common Pleas of Philadelphia County,

    Pennsylvania, docketed as August Term 2018, No. 000196.  A true and correct copy of

    the Complaint is attached hereto, made a part hereof, and identified as Exhibit A.

2.  USAA CIC was served with the Complaint on August 16, 2018.  A true and correct copy

    of the Affidavit of Service, filed by Plaintiff, is attached hereto, made a part hereof, and

    identified as Exhibit B.

3.  The Notice of Removal is timely, in accordance with 28 U.S.C. §§ 1441 and 1446(b)(1).

4.  In the Complaint, Plaintiff avers that she is a resident of the Commonwealth of

    Pennsylvania, residing therein at 2654 Charles Street, Philadelphia, PA 19135.  (Exhibit

"A", para 1).  Therefore, upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5.  USAA CIC is a foreign corporation and resident of the State of Texas with a principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288.

6.  Plaintiff alleges, *inter alia*, that, following a motor vehicle accident that occurred on November 2, 2015, she presented a claim for underinsured motorist benefits and first party benefits under an automobile policy issued by USAA CIC, and that she and USAA CIC have failed to agree on the amount of underinsured motorist benefits and first party benefits to which she is entitled to recover.

7.  The Complaint purports to set out two individually enumerated causes of action:

   a.  Count I – Breach of Contract for failure to pay underinsured motorist benefits;

   b.  Count II – PIP

8.  In Count I - Breach of Contract for failure to pay underinsured motorist benefits, Plaintiff demands judgment against USAA CIC in an amount in excess of $50,000.00.

9.  In Count II –Personal Injury Protection ("PIP") benefits, Plaintiff demands judgment against USAA CIC in an amount of the unpaid first party medical benefits, plus 12% interest per annum and attorney's fees.

10. Based upon the allegations of Plaintiff's Complaint, the amount in controversy in this action is in excess of the jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, as Plaintiff has alleged damages in excess of $50,000.00 and an amount of the unpaid first party medical benefits.

11. Plaintiff has, therefore, alleged a total amount in controversy, exclusive of interest and costs, in excess of the jurisdictional threshold of $75,000, pursuant to 28 U.S.C. § 1332(a).

12. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy, and removal is appropriate pursuant to 28 U.S.C. § 1441.

13. The Notice of Removal has been filed within thirty (30) days after service of the Complaint on USAA CIC.

14. Contemporaneously with the filing of this Notice, and in accordance with 28 U.S.C. § 1446(d), written notice of the filing has been given to Plaintiff.

15. Promptly after filing with the Court and the assignment of a civil action number, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, also in accordance with 28 U.S.C. § 1446(d).

16. Copies of all process, pleadings and other Orders which have been received by Defendant in this action are filed herewith.

WHEREFORE, Defendant, USAA CIC, respectfully requests that it may affect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _Cristin A. Cavanaugh_____
JAMES H. COLE, ESQUIRE
CRISTIN A. CAVANAUGH, ESQUIRE
PA Attorney ID Nos. 84039/307546
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2635; 215-575-0856 (fax)
jhcole@mdwcg.com
cacavanaugh@mdwcg.com
*Attorneys for Defendant USAA Casualty
Insurance Company*

Dated: _9/13/18_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAMIRE PRITCHARD                      :        CIVIL ACTION
                                       :
                      Plaintiffs       :
                                       :        NO.
          v.                           :
                                       :
USAA CASUALTY INSURANCE                :
COMPANY                                :
                    Defendant          :

CERTIFICATION

I, Cristin A. Cavanaugh, Esquire, hereby certify that the facts set forth in the foregoing

Notice of Removal are true and correct to the best of my knowledge, information and belief.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
          JAMES H. COLE, ESQUIRE
          CRISTIN A. CAVANAUGH, ESQUIRE
          PA Attorney ID Nos. 84039/307546
          2000 Market Street, Suite 2300
          Philadelphia, PA 19103
          215-575-2635; 215-575-0856 (fax)
          jhcole@mdwcg.com
          cacavanaugh@mdwcg.com
          *Attorneys for Defendant USAA Casualty*
          *Insurance Company*

Dated: 9/13/18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAMIRE PRITCHARD | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | NO. |
| v. | : | |
| | : | |
| USAA CASUALTY INSURANCE | : | |
| COMPANY | : | |
| Defendant | : | |

### CERTIFICATE OF SERVICE

I, Cristin A. Cavanaugh, Esquire, hereby certify that a true and correct copy of the

foregoing Notice of Removal was served upon the following party via electronic service, on the

below date:

John E. Toczydlowski, Esquire
Aversa & Linn, P.C.
1700 Market Street
Suite 3050
Philadelphia, PA 19103
Attorneys for Plaintiff

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
CRISTIN A. CAVANAUGH, ESQUIRE
*Attorneys for Defendant USAA Casualty*
*Insurance Company*

Dated: _9/13/18_

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**2018 - 17   AUGUST 2018**

E-Filing Number 1808010875

000196

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SHAMIRE PRITCHARD | USAA CASUALTY INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2654 CHARLES STREET<br>PHILADELPHIA PA 19135 | PO BOX 26001<br>DAPHNE  AL 36526 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | YES    NO |

**FILED
PRO PROTHY**

AUG 07 2018

A. SILIGRINI

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SHAMIRE PRITCHARD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOHN E. TOCZYDLOWSKI | AVERSA & LINN PC<br>1700 MARKET ST<br>SUITE 3050<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)751-1717 | (215)751-9386 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 76848 | toz@aversalinn.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOHN TOCZYDLOWSKI | Tuesday, August 07, 2018, 11:40 am |

FINAL COPY (Approved by the Prothonotary Clerk)

USAA Confidential

**AIS  IV  08-11-2018  13 36    #00000074**

AVERSA & LINN, P.C.
BY:  JOHN E. TOCZYDLOWSKI, ESQUIRE
IDENTIFICATION NO. 76848
1700 MARKET STREET
SUITE 3050
PHILADELPHIA, PA. 19103
215-751-1717

Filed and Attested by the
Office of Judicial Records
07 AUG 2018 11:40 am
ATTORNEY FOR PLAINTIFF

SHAMIRE PRITCHARD                    COURT OF COMMON PLEAS
2654 Charles Street                  PHILADELPHIA COUNTY
Philadelphia, PA 19135
                                          TERM, 2018
vs.

USAA CASUALTY INSURANCE COMPANY      No.
PO Box 26001
Daphne, AL 36526

CIVIL ACTION COMPLAINT
1C-Contract
**NOTICE TO DEFEND**

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO, ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO OBTERNER UN ABOGADO. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO PUEDE PAGAR UN ABOGADO, ESTA OFICINA QUISAS PUEDE ASSISTIRLE CON INFORMACION SOBRE AGENCIAS LEGALES PARA PERSONAS ELEGIBLE A UN PRECIO REDUCIDO O GRATIS. |
| LAWYER REFERRAL SERVICE<br>1 Reading Center<br>Philadelphia, PA 19107<br>215-238-6333" | SERVICIO DE REFERRIDO LEGAL<br>1 Reading Center<br>Filadelfia, PA 19107<br>Telefono. 215-238-6333" |

Case ID: 180800196

USAA Confidential

## CIVIL ACTION COMPLAINT

1.    Plaintiff is an adult individual residing at the above-captioned address.

2.    Defendant USAA Casualty Insurance Company (hereinafter referred to as "USAA") is a corporation engaged in the business of insurance and duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business and/or registered address for service of process at the above captioned address, and which, at all times relevant hereto, regularly and continuously conducted business in the City and County of Philadelphia.

3.    Defendant was, at all relevant times hereto and specifically on November 2, 2015, the underinsured motorist insurance carrier for Jonathan Pritchard, II and Plaintiff pursuant to a policy of insurance providing coverage for a 2013 Dodge Charger occupied by Plaintiff at the time of the below-described accident.

4.    On or about November 2, 2015, Plaintiff was involved in a motor vehicle accident with Suzanne Stepp; Stepp was traveling westbound on East Lehigh Avenue at or near its intersection with "A" Street when she so negligently and carelessly operated said vehicle as to hit the rear of the Plaintiff's vehicle.

5.    Suzanne Stepp had a policy of liability insurance with Nationwide Insurance Company, with liability policy limits in the amount of Fifteen Thousand Dollars ($15,000.00), said limits being tendered by Nationwide in settlement of Plaintiff's third party bodily injury claim.

6.    Due to the accident, Plaintiff suffered severe physical injuries to her body including, but not limited to, cervical sprain and strain, thoracic sprain and strain and lumbar sprain and strain.

Case ID: 180800196

USAA Confidential

PJS  IV  08  11  2018  18 :36    000000076

7.     Due to the foregoing, Plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention, and may be required to expend additional sums for the same purpose in the future.

8.     Due to the foregoing, Plaintiff has been prevented from attending to her usual and daily activities and duties, including those related to her occupation, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

9.     Due to the foregoing, Plaintiff suffered physical pain, mental anguish, loss of life's pleasures and humiliation, and may continue to suffer same for an indefinite period of time in the future.

10.    At the time of the accident, Plaintiff occupied a vehicle owned by Jonathan Pritchard, II and insured by Defendant USAA.

11.    When Mr. Pritchard purchased the policy, he elected to purchase underinsured motorist benefits for financial protection in the event that an individual was injured by the negligence of a driver who did not maintain adequate liability insurance coverage.

12.    As a result of Mr. Pritchard's selection of underinsured motorist benefits, he paid, and Defendant USAA accepted, increased premium payments.

13.    At the time Mr. Pritchard purchased the policy, he believed and intended that any and all disputed underinsured motorist claims arising under the policy would be resolved without litigation.

Case ID: 180800196

USAA Confidential

14.    By contract and by operation of law, Defendant USAA, as underinsured motorist insurer, is required to pay those damages in excess of the coverage afforded by Suzanne Stepp's liability policy with Nationwide Insurance Company.

15.    Reasonable time has expired for Defendant USAA to examine the claims made by Plaintiff, and Defendant has failed to provide a reasonable response to Plaintiff's demand, thereby prompting this filing.

16.    Defendant's failure to pay is a breach of contract of insurance and requires the relief requested by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interests and costs of suit as the law may allow.

### COUNT II- PIP
### SHAMIRE PRITCHARD v. USAA CASUALTY INSURANCE COMPANY

17.    Plaintiff incorporates herein by reference paragraphs one through sixteen of this Complaint as though same were fully set forth at length.

18.    Defendant USAA issued a policy of automobile insurance to its insured, Jonathan Pritchard, II, which policy was in effect on the date of the accident, November 2, 2015.

19.    Under the terms of this policy, Defendant was responsible for providing Plaintiff with first party benefits including, but not limited to, medical benefits pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. §1711, et seq.

Case ID: 180800196

USAA Confidential

ATS TV 08 -11 -2018 19 :36 000000078

20.    As a result of the November 2, 2015 accident, Plaintiff has been obliged to receive and undergo medical attention and care, and to expend various sums of money and incur various expenses for which medical benefits are payable, and Plaintiff may be obligated to continue to expend various sums of money for an indefinite period of time in the future to receive treatment for her injuries.

21.    There are presently unpaid and outstanding medical bills for reasonable and necessary treatment received by Plaintiff as a result of injuries she sustained in the aforementioned motor vehicle accident:

| | | |
|---|---|---|
| 1. | Dr. Gregory Nelson | $ 7,885.00 |
| 2. | Northeast Open MRI | $   168.58 |
| 3. | Penn Therapy & Fitness | $ 8,188.00 |

22.    Commencing with the date of treatment, and at various times thereafter, Plaintiffs requested that Defendant pay the medical bills set forth above, but Defendant has failed to and refuses to do so.

23.    At all times material hereto, Defendant refused to pay the foregoing medical bills as part of a course of action designed to unilaterally, without justification, refuse all such claims for medical benefits. Defendant caused the Plaintiffs to become personally responsible for these bills, contrary to the terms of the insurance contract, the Pennsylvania Motor Vehicle Financial Responsibility Law and the case law of the Commonwealth of Pennsylvania inter alia as follows:

(a)    Representing to the insured that he purchased the full policy amount in first party benefits, and the insured and Plaintiff acted upon that promise which was illusory;

Case ID: 180800196

USAA Confidential

(b) Purporting to offer the full policy amount of medical coverage, when in fact, Defendant had no intention of providing same;

(c) Charging a premium based upon the full policy amount of first party medical benefits, when, in fact, Defendant intended to use any excuse or rationale, justified or not, to avoid fulfilling its contractual obligation;

(d) Defendant represented to the insured and Plaintiff that they had the full amount of first party medical benefits, when in fact, Defendant, intended to and has refused to pay such benefits as part of a pattern to deny all such claims;

(e) Not attempting in good faith to effectuate the prompt, fair and equitable settlement of Plaintiff's claim contrary to Defendant's statutory and contractual duty;

(f) Failing to respond to Plaintiff's claim for first party benefits within a reasonable length of time;

(g) Failing to properly investigate Plaintiff's claim for first party benefits prior to denying that claim;

(h) Compelling Plaintiff to seek legal redress and commence this action;

(i) Failing to have, or timely provide, a reasonable explanation of the basis for the denial of Plaintiff's claim for first party benefits;

(j) Failing to initiate timely and reasonable claims procedures;

(k) Making the above false representations, with full knowledge that those representations are false;

(l) Compelling Plaintiff to institute this litigation to recover amounts due under the policy by offering substantially less that the amounts due;

(m) All of the above constitutes Defendant's intention to induce the Plaintiff to act or refrain from acting in reliance thereupon; and

(n) Thus avoiding its statutory and contractual obligations.

Case ID: 180800196

USAA Confidential

24. As a result of all of the foregoing, Plaintiff was required to hire the services of an attorney to collect medical bills.

25. Pursuant to §1716 of the Pennsylvania Motor Financial Responsibility Law, Plaintiff is entitled to attorney's fees "in the event that the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due."

26. Defendant has, in fact, acted in an unreasonable manner in refusing to pay these first party benefits.

27. Further, pursuant to §1716 of the Pennsylvania Motor Financial Responsibility Law, Plaintiff is entitled to 12% per annum interest from the date the benefits became due.

28. Pursuant to §1798 of the Pennsylvania Motor Financial Responsibility Law, when an insurer is found to have acted with "no reasonable foundation", it is also liable for Plaintiff's attorney's fees.

29. Defendant has, in fact, acted with "no reasonable foundation" in failing to pay these first party benefits, and is also liable for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in an the amount of the unpaid first party medical benefits, plus 12% interest per annum and attorneys' fees, and other such damages as this Court may permit.

AVERSA & LINN, P.C.

_____
John V. Toczydlowski, Esquire
Attorney for Plaintiff

Case ID: 180800196

USAA Confidential



## VERIFICATION

I, **Shamire Pritchard** state that I am the Plaintiff in the above action and I verify that the statements made in the foregoing **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____

**Shamire Pritchard**

Case ID: 180800196

USAA Confidential



0901119ca03e5a66

USAA Confidential

# EXHIBIT B

AVERSA & LINN, P.C.
BY:  **JOHN E. TOCZYDLOWSKI, ESQUIRE**
IDENTIFICATION NO.  76848
1700 MARKET STREET
SUITE 3050
PHILADELPHIA, PA.  19103
215-751-1717

ATTORNEY FOR PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
21 AUG 2018 03:52 pm
M. RUSSO*

|  |  |
|---|---|
| **SHAMIRE PRITCHARD** | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| v. | AUGUST TERM, 2018 |
| **USAA CASUALTY INSURANCE COMPANY** | No.  0196 |

<u>**AFFIDAVIT OF SERVICE UPON DEFENDANT,**
**USAA CASUALTY INSURANCE COMPANY**</u>

I, **JOHN E. TOCZYDLOWSKI, ESQUIRE**, hereby affirms that service of the complaint

in the above captioned matter was perfected on Defendant, USAA Casualty Insurance Company. via

United States Mail, by way of Certified Mail, Return Receipt Requested No.:

70140150000079808565.. A copy of the transmittal letter along with the USPS tracking are attached

hereto as Exhibit "A."

AVERSA & LINN, P.C.

_____
JOHN E. TOCZYDLOWSKI, ESQUIRE

SWORN TO AND SUBSCRIBED

before me this _____ day

of _____ . 2018.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Angela LaBrum, Notary Public
Philadelphia County
My commission expires November 10, 2021
Commission number 1091090
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Case ID: 180800196

# EXHIBIT   "A"

Case ID: 180800196



August 6, 2018

~
**Aversa & Linn**

Attorneys at Law
1700 Market Street
Suite 3050
Philadelphia, PA 19103
215.751.1717
FAX: 215.751.9386
email:
info@aversa-linn.com


~
**NJ Office**

2091 Springdale Road
Suite 17
Cherry Hill, NJ 08003
856.489.7712

USAA Casualty Insurance
PO Box 26001
Daphne, AL 36526

   Re: Shamire Pritchard v. USAA Casualty Insurance Company
     Claim No.: 026998792

Dear Sir/Madam:

  Enclosed please find a time-stamped copy of the Civil Action Complaint filed against you in the Court of Common Pleas of Philadelphia County. Please be advised we are permitted to serve this Complaint upon you by certified mail pursuant to the Pennsylvania Rules of Civil Procedure.

  Please take special note of the Notice to Defend on the Complaint. I suggest you immediately forward this document to your liability insurance carrier, or to your legal counsel, in order to protect your rights.

     Very truly yours,



     John E. Toczydlowski

JET/nc
Enclosure

CMRRR #P 70140150000079808565

Case ID: 180800196

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

USAA
PO Box 24001
Daphne, AL 36526

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3697 7335 1680 53

2. Article Number (Transfer from service label)
7014 0150 0000 7980 8565

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  □ Agent
                        □ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Brent Miller

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
  (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted
  Delivery
□ Return Receipt for
  Merchandise
□ Signature Confirmation™
□ Signature Confirmation
  Restricted Delivery

Domestic Return Receipt

Case ID: 180800196